### JONES vs. WEBSTER.

ATTACHMENT — AFFIDAVIT. An affidavit for an attachment which states the amount of the plaintiff's demand to be "over and above the sum of $50," does not state the amount of his demand with sufficient certainty to authorize the issuing of the writ. *Lathrop v. Snyder,* 16 Wis. 293.

ERROR to the District Court for *Grant* County.

The case is stated in the opinion of the court.

*F. J. Dunn,* for plaintiff in error.

*A. L. Collins* and *T. P. Burnett,* for defendant in error.

IRVIN, J.     This case came up on error to the district court of Grant county, and in a proceeding in attachment.

The writ of attachment was sued out on the affidavit of Francis J. Dunn in these words :   " That he, affiant, is the

attorney of *George W. Jones*, and affiant further says, that he verily believes that *Daniel Webster* is indebted to said *George W. Jones* in a sum of money over and above the sum of $50 lawful money, and the said indebtedness arises out of and is founded upon contract in writing, styled in said contract, a memorandum of agreement; affiant further says, that the said *Daniel Webster* is not a resident of Wisconsin Territory." On this affidavit, the judge of the district indorsed his satisfaction of the truth of the facts therein stated.

At the March term, 1843, the defendant, by his counsel, moved the court to quash the writ and dismiss the cause, for the following reasons, viz.: "1. Because of insufficiency of the affidavit: (1) In that said affidavit was not made by plaintiff, or *a credible witness*, but by the attorney of said plaintiff, who is not a witness in contemplation of law: (2) In that the amount of plaintiff's demand is not set forth: And (3) In that the circumstances upon which the belief of the facts set forth is founded, are not stated.

2. Because it appears by the amended return of the sheriff, that, in serving the writ in said cause, he did not enter upon the premises attached, in order to attach and appraise them." This motion was sustained by the district court, and to this decision of the court the plaintiff, by his attorney, excepted; and for error, assigns the following causes, viz.: "(1) The court erred in sustaining the second and third reasons of the defendant in his motion to quash the writ and dismiss the proceedings herein. (2) The court erred in quashing the writ and dismissing the proceedings herein."

The decision of the court below upon the motion was general, so far as the record shows, while in the assignment of errors, it is noticed as having been given upon the second and third reasons assigned for quashing the writ, which include this portion of the affidavit. "And affiant further says that he verily believes that *Daniel Webster* is indebted to said *George W. Jones* in a sum of money over and above the sum of $50, lawful

money, and that said indebtedness arises out of and is founded upon contract in writing, styled in the said contract, a memorandum of agreement."

The law provides that "to authorize the issuing an attachment in any case, the defendant must be indebted to the plaintiff in a cause of action arising out of, founded upon, or sounding in contract, or upon a judgment or decree of some court of law or chancery" (2d section of the act of 1842); and by the 3d section it further provides, that "the facts necessary to entitle a party to a writ of attachment shall be proven to the satisfaction of a district judge or of a supreme court commissioner of the proper county, by the affidavit of the plaintiff or some credible witness, stating therein the nature and amount of the plaintiff's demand, and the circumstances upon which the belief of such facts is founded, and such officer shall indorse the fact of his satisfaction on the affidavit, which shall be filed with the clerk of the court before the writ shall issue."

The first question presented in this case, as contained in the motion below, which was sustained in general terms, is regarded untenable. Upon the second and third questions, the inquiry relates to the nature and amount of the demand, and as this case was submitted to a court consisting of two of the three members, and as those differ as to the sufficiency of the statement in relation to the nature of the demand, the statute will be considered as unconstrued therein, but in relation to the amount, there is no such division of opinion. The law requires that the nature and amount of the demand shall be stated. Is the amount stated herein? The language is this, as used by the affiant: "That he verily believes that *Daniel Webster* is indebted to said *George W. Jones* in a sum of money over and above the sum of $50." From an examination of the language used, it will be readily perceived that no sum is stated at all. It is true, that the affiant says he verily believes that the defendant is indebted, in a sum of money over and above $50 ; but at

what point, in the vast range of numbers, the mind is left wholly to the resources of the imagination. It would be unwise and unsafe, and wholly at war with the practice, properly established in the harsh remedy by attachment, to regard such a statement of the amount of the demand as sufficient. The district court therefore did right in sustaining the motion to quash, particularly when it is remembered, that this uncertain sum is stated upon the mere *belief* of the affiant. The statement of non-residence is positive and unequivocal, by a credible witness, and not liable to the objection urged against it.

Believing, as this court does, that the statement of the amount was wholly insufficient, we affirm the judgment of the district court with costs.